# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1139-16T1
 A-1140-16T1

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

     Plaintiff-Respondent,

v.

S.D. and A.M.,

     Defendants-Appellants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF Q.D., T.D.,
and J.D.,

     Minors.

_____

       Submitted September 26, 2018 – Decided October 11, 2018

       Before Judges Koblitz, Ostrer and Currier.

       On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FG-09-0134-16.

Joseph E. Krakora, Public Defender, attorney for appellant S.D. (Beryl Foster-Andres, Designated Counsel, on the briefs).

Joseph E. Krakora, Public Defender, attorney for appellant A.M. (Robert W. Ratish, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Julie B. Colonna, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Joseph H. Ruiz, Designated Counsel, on the brief).

PER CURIAM

In these consolidated appeals, defendants appeal from a November 1, 2016 order terminating their parental rights to their children Quentin, Trevor, and John,[1] who are now thirteen, eleven and nine years old. Defendant S.D. (Sharon) is the mother of eight children, none of whom are in her care. Defendant A.M. (Andrew) is the father of nine children, none of whom are in his care. The Division of Child Protection and Permanency (the Division) removed these three children from Sharon's care in April 2013 after she committed an act of domestic violence in front of two of the three boys. Their father, Andrew, was

---

[1] We use initials and pseudonyms to identify the parties to preserve the confidentiality of these proceedings. R. 1:38-3(d)(12).

incarcerated in Pennsylvania at that time on a conviction for aggravated assault unrelated to this case, and was unable to care for the children. After three years of services aimed toward reunification, Quentin and Trevor have been designated for select home adoption,[2] and John is living in a foster home with a resource parent who is eager to adopt him.

At the guardianship trial,[3] two Division experts testified that Sharon and Andrew, who had been offered a variety of services including counseling, training, substance abuse treatment, psychological and psychiatric evaluations, housing assistance, and transportation, were still not capable of providing safe parenting for their children. Sharon remained unstable and homeless, while Andrew, who had been given a number of opportunities toward reunification after his release from prison in September 2014, failed to timely complete the court-ordered tasks and continued to show signs of mental illness. He missed many visits with his children. The experts emphasized that the children, who

---

[2] "'[S]elect home adoption' [is] a process that includes looking for an adoptive home in New Jersey and registering the child on the national adoption exchange." New Jersey Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 98 (2008).

[3] Sharon appeared for two days of trial and Andrew for six days of the seven-day trial. Judge DeCastro noted that the Division submitted more than 3700 pages of evidence.

had been in foster homes for more than three years, had special needs, needed permanency, and that termination of parental rights would not do more harm than good.

On appeal, both parents argue that the judge erred in finding the Division established, by clear and convincing evidence, all four statutory elements of N.J.S.A. 30:4C-15.1(a). We affirm, substantially for the reasons stated by Judge Bernadette N. DeCastro in her written opinion issued with the order.

After the termination trial, the plan for Quentin and Trevor changed, we remanded the matter, and Judge DeCastro held another hearing and issued another order and opinion on September 6, 2017, denying Andrew's motion, which Sharon joined, to vacate the termination of parental rights. The parents do not appeal from this order.

The evidence is outlined in detail in the judge's seventy-one-page written opinion. A summary will suffice here. The Division first became involved when Quentin was born in 2005, because Sharon tested positive for marijuana. In 2012, Sharon and the children moved back to New Jersey from New York, and the Division received a report that Sharon had attempted suicide and was refusing mental health services. The Division began providing services to Sharon, including housing, food, a bus pass, and a psychological evaluation. In

April 2013, the children were removed from Sharon when she was violent after having ingested drugs and alcohol. During this time, Andrew was incarcerated in Pennsylvania after shooting a former girlfriend. The Division brought the children to see their father in the Pennsylvania prison on several occasions. After his release from prison, Andrew moved to Ohio and then upstate New York, only visiting the children sporadically, in spite of funding for travel provided by the Division. He was diagnosed with serious mental health issues.

Sharon underwent a psychiatric evaluation, and subsequently moved to Pennsylvania for a period of time. Relatives and friends were ruled out as placement options by the Division. Sharon continued to test positive for illegal substances, became homeless, and missed many visits with the children. Neither parent appeared for the scheduled Division bonding evaluations with the children.

All three children reported physical abuse from their parents and all three have special needs. The two older boys have engaged in extremely disruptive and potentially dangerous behavior.

In her comprehensive opinion, the trial judge found that the Division had proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), and that termination of defendants' parental rights was in the children's best interests. On

A-1139-16T1

this appeal, our review of the trial judge's decision is limited. We defer to her expertise as a Family Part judge, <u>Cesare v. Cesare</u>, 154 N.J. 394, 412 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. <u>N.J. Div. of Youth & Family Servs. v. M.M.</u>, 189 N.J. 261, 279 (2007). After reviewing the record, we conclude that the trial judge's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable.

The parents' arguments regarding the insufficiency of the evidence are without sufficient merit to warrant further discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1139-16T1